# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. REA and DEBRA P. REA, *husband and wife*, | ) ) ) | CIVIL ACTION NO. 3:13-21 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Currently pending in this action for declaratory relief are cross-motions for summary judgment (ECF Nos. 21, 24). The sole issue before the Court is whether the arbitration clause of the underinsured motorist provision of the insurance policy at issue requires the parties to resolve their dispute through arbitration. The Court finds that the unambiguous language of the contract does not require the parties to arbitrate their dispute, but permits a court of competent jurisdiction to resolve the parties' dispute. Accordingly, and for the reasons stated below, the Court will **GRANT** Defendant's motion for summary judgment (ECF No. 24) and will **DENY** Plaintiffs' motion for summary judgment (ECF No. 21).

### II. Jurisdiction and Venue

The Court has diversity jurisdiction over this removal action pursuant to 28 U.S.C. §§ 1332(a) and 1441. Venue is proper under 28 U.S.C. § 1441(a).

## III. Background

The instant dispute involves the interpretation of a motor vehicle insurance contract, which is a pure question of law for this Court to decide. Plaintiffs filed a complaint for declaratory judgment in the Court of Common Pleas of Blair County on January 15, 2013. Defendant removed the matter to this Court on January 28, 2013 (*See* ECF No. 1), and filed an answer to the complaint (ECF No. 3). On August 30, 2013, the parties filed cross-motions for summary judgment, along with concise statements of material facts, briefs in support, an appendix of exhibits, and responsive briefs. The parties have fully briefed the Court and this matter is now ripe for adjudication.

The following facts are not in dispute. On October 24, 2009, Plaintiffs were involved in a motor vehicle collision when an intoxicated driver, Luis Rivera-Campos, struck Plaintiffs' vehicle in a head-on collision. (ECF No. 22 ¶ 3). At the time of the collision, Plaintiff James Rea was driving the vehicle and Plaintiff Debra Rea was riding as a passenger in the back seat. (*Id.* ¶ 3). Plaintiffs' vehicle—a 2009 Lexus ES 350—was owned by James Rea's employer, Mountain Research, LLC, and was insured under a business automobile policy issued by Defendant Cincinnati Insurance Company. (*Id.* ¶ 4).

On January 4, 2011, Mr. Rivera-Campos's insurance carrier, Nationwide Insurance, offered the limits of its liability insurance coverage to Plaintiff James Rea, and Defendant consented to the proposed settlement, waiving its subrogation rights. (*Id.* ¶ 5). Plaintiffs then made a claim against Defendant for underinsured motorist coverage benefits related to the injuries and damages arising from the collision. (*Id.* ¶ 6).

Plaintiffs' underinsured motorist claim ("UIM" claim) was made pursuant to a business automobile coverage policy—Policy No. CAA 587 60 08 ("Policy"), under which Plaintiffs were defined as "Insureds"—that Defendant issued to Mountain Research, LLC, for the Lexus involved in the collision. (*Id.* ¶¶ 7, 8). The Policy included an endorsement for "Pennsylvania Underinsured Motorists Coverage-Nonstacked." (*Id.* ¶ 9). This endorsement included an arbitration clause, regarding the applicability of arbitration to resolve disagreements between Defendant and its insureds. (*Id.* ¶¶ 10, 11). Plaintiffs made a claim pursuant to that endorsement and now seek to arbitrate a dispute with Defendant over their claim. (*Id.* ¶ 12).

## IV. Legal Standard

Summary judgment is appropriate only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005). Material facts are those that will affect the outcome of the trial under governing law. *Anderson*, 477 U.S. at 248. The Court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009). "In making this determination, 'a court must view the facts in the light

3

most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (*quoting Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the party opposing summary judgment "may not rest upon the mere allegations or denials" of the pleading, but "must set forth specific facts showing that there is a genuine issue for trial." *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 n.11 (1986)). "For an issue to be genuine, the nonmovant needs to supply more than a scintilla of evidence in support of its position—there must be sufficient evidence (not mere allegations) for a reasonable jury to find for the nonmovant." *Coolspring Stone Supply v. Am. States Life Ins. Co.*, 10 F.3d 144, 148 (3d Cir. 1993).

## V. Discussion

In their complaint, Plaintiffs seek declaratory relief concerning the meaning of an arbitration clause in the insurance contract's underinsured motorist coverage endorsement. Pennsylvania law applies to the Court's interpretation of the disputed arbitration clause. *See ABC Sewer Cleaning Co. v. Foxco, Inc.*, No. 90-cv-1934, 1991 WL 158746, at *2 (E.D. Pa. Aug. 13, 1991); *United Gov't Sec. Officers of Am., Int'l Union v. Exelon Nuclear Sec., LLC*, No. 11-cv-1928, 2014 WL 2476434, at *4-5 (E.D. Pa. June 3, 2014). The

4

Third Circuit has provided the following guide for interpreting disputed terms of insurance contracts under Pennsylvania law:

> The rules of analysis of insurance policies in Pennsylvania are well established. The goal of interpreting an insurance policy, like that of interpreting any other contract, is to determine the intent of the parties. It begins with the language of the policy. A policy must be read as a whole and its meaning construed according to its plain language.
>
> The burden of drafting with precision rests with the insurance company, the author of the policy. An ambiguity in contract language exists when the questionable term or language, viewed in the context of the entire policy, is reasonably susceptible of different constructions and capable of being understood in more than one sense. Where a term is ambiguous, it is to be construed against the insurer, in favor of the insured. The policy rationale underlying strict application of the doctrine is that because most insurance agreements are drafted by the insurance industry, they are essentially contracts of adhesion.
>
> Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. Courts should not distort the meaning of the language or strain to find an ambiguity. A contract is not rendered ambiguous merely because the parties disagree about its construction.

*Meyer v. CUNA Mut. Ins. Soc'y*, 648 F.3d 154, 163-64 (3d Cir. 2011) (citations and quotation marks omitted); *see also Firemen's Ins. Co. of Washington, D.C. v. Wenventure, Inc.*, No. 3:10-cv-185, 2012 WL 1094807, at *4-5 (W.D. Pa. Mar. 30, 2012).

The arbitration clause at issue provides:

### ARBITRATION

a.  If we and an "insured" do not agree:

    (1)  Whether that person is legally entitled to recover damages from a party responsible for the "accident"; or
    (2)  As to the amount of damages, that may be recovered;

> the matter may be settled by arbitration. However, disputes concerning coverage under this endorsement may not be arbitrated.
>
> The "insured" and we must mutually agree to arbitrate the disagreements. If the "insured" and we do not agree to arbitrate, then the disagreement will be resolved in a court having competent jurisdiction.
>
> If arbitration is used, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days as to the third arbitrator, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
>
> (1) Pay the expense it incurs; and
> (2) Bear the expenses of the third arbitrator equally.
>
> b. Arbitration shall be conducted in accordance with the Pennsylvania Uniform Arbitration Act. Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedures and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
> (1) Whether the "insured" is legally entitled to recover damages from a party responsible for the "accident"; and
> (2) The amount of damages.

(ECF No. 27-3 at 5).

Plaintiffs assert that the plain language of the arbitration clause requires the parties to resolve the disputed UIM claim in arbitration. (ECF No. 23 at 8). Plaintiffs argue that Defendant has agreed to arbitration because the arbitration clause expressly states that disputes related to the amount of damages "may be settled by arbitration." (*Id.* at 6) (quoting the arbitration clause). Plaintiffs contend that the language of the arbitration clause demonstrates that Defendant has "expressed its consent to arbitration" and has "left it up to the decision of the insured to determine if they choose to agree to arbitration—such that the choice is mutual." (*Id.* at 7). Thus, Plaintiffs conclude,

6

> The plain language of the endorsement provides a clearly worded choice to the insured: if the arbitration process is acceptable to the insured, then the dispute is resolved in arbitration; if arbitration is not acceptable to the insured, then the dispute is to be resolved in court.

(*Id.*). Defendant, on the other hand, argues that the arbitration clause requires a mutual agreement by both parties to arbitrate the dispute over the value of the Plaintiffs' UIM claim. (ECF No. 25 at 6). Thus, Defendant contends, because Defendant does not agree to arbitrate, the disagreement between the parties over the value of the UIM claim must be resolved in a court of competent jurisdiction. (*Id.*).

The Court finds the language in the arbitration clause clear and unambiguous. The contract unequivocally states that a disagreement over a claim for damages between the parties "*may* be settled by arbitration." (ECF No. 27-3 at 5) (emphasis added). The use of the permissive word "may" permits the parties to elect arbitration as one means of dispute resolution; but the clause does not obligate the parties to arbitrate their dispute. To the contrary, the arbitration clause clearly states, if the parties do not both agree to arbitration, then the parties must resolve their dispute in court:

> The "insured" and we *must* mutually agree to arbitrate the disagreements. If the "insured" and we do not agree to arbitrate, then the disagreement will be resolved in a court having competent jurisdiction.

(ECF No. 27-3 at 5) (emphasis added). This language is clear—both the insurer and the insured must agree to arbitrate the dispute. If both parties do not agree to arbitrate the dispute, then arbitration is excluded as a dispute resolution option, and the dispute must be resolved by a court.

7

The Court finds Plaintiffs' argument unconvincing. The plain language of the contract simply does not show that Defendant made a blanket concession to arbitrate all disputes over all claims, providing the insured sole discretion to elect arbitration. In sum, the arbitration clause in the UIM endorsement permits the parties to elect arbitration by mutual agreement. If the parties do not both agree to arbitrate the dispute, then the matter must be decided by a court of competent jurisdiction. In this case, Defendant has not agreed to arbitrate the disputed UIM claim, despite Plaintiffs' desire to arbitrate. Because both parties have not agreed to arbitrate the dispute, the issue must be resolved in court.

## VI. Conclusion

The material facts in this case are not in dispute, and the parties have presented a pure question of law. Viewing the evidence in the light most favorable to Plaintiffs, judgment as a matter of law is proper in favor of Defendant. Accordingly, the Court will grant Defendant's motion for summary judgment (ECF No. 24) and will deny Plaintiffs' motion for summary judgment (ECF No. 21).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. REA and DEBRA P. REA, *husband and wife*, | ) ) ) | CIVIL ACTION NO. 3:13-21 |
| Plaintiffs, | ) ) | JUDGE KIM R. GIBSON |
| v. | ) ) ) | |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 22nd day of August 2014, having considered the pending summary judgment motions in this case, along with the parties' briefs, supporting exhibits, and other submissions, and in accordance with the foregoing memorandum opinion,

**IT IS HEREBY ORDERED** that Defendant Cincinnati Insurance Company's motion for summary judgment (ECF No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs James P. Rea and Debra P. Rea's motion for summary judgment (ECF No. 21) is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mark this case closed.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE